UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Isabel Bermudez | : | |
| 447 East Airy Street | : | 17-05691 |
| Norristown, PA 19401 | : | |
|       Plaintiff | : | |
| v. | : | |
| Transworld Systems, Inc. | : | Jury Trial Demanded |
| 500 Virginia Drive, #514 | : | |
| Fort Washington, PA 19034 | : | |
| and | : | |
| Transworld Systems, Inc. | : | |
| 5100 Peachtree Industrial Blvd | : | |
| Norcross, GA 30071 | : | |
|       Defendant(s) | : | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

1. This is an action brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Plaintiff is Isabel Bermudez, an adult individual residing at 447 East Airy Street, Norristown, PA 19401.

3. Defendant is Transworld Systems, Inc., a corporation engaged in consumer debt collection throughout the Commonwealth of Pennsylvania, with an address of 500 VIRGINIA DR #514, FORT WASHINGTON, PA 19034-2707, and an alternate address of Transworld Systems, Inc., 5100 Peachtree Industrial Blvd., Norcross, GA 30071.

**COUNT ONE: Violation of Fair Debt Collection Practices Act, 15 USC 1692 et. seq.**

4. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. At all times mentioned in this Complaint Plaintiff was a consumer as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

6. Defendants are debt collectors as defined by the FDCPA, 15 USC 1692 et. seq.

7. At all times mentioned in this Complaint, Defendant was attempting to collect a consumer debt from Plaintiff.

8. At all times mentioned herein, Defendants were attempting to collect on an alleged consumer debt against Plaintiff.

9. Within the applicable statute of limitations, prior to the commencement of this action, Defendants contacted Plaintiff by letter and sent the attached piece of written correspondence labeled as an exhibit to this Complaint.

10. Said letter attached and marked as an exhibit contained the following materially false and misleading statements and or implications.

    a.   That "the account(s) may be reported to all national credit bureaus."

11. The term "credit bureau" appearing in said letter meant the same thing as a consumer reporting agency as defined by 15 USC 1681 of the Fair Credit Reporting Act as well as 15 USC 1692 of the Fair Debt Collection Practices Act.

12. The above referenced statement in the letter was false, confusing and misleading because defendant in no way could have reported the account "all national credit bureaus" due to the overwhelming number of consumer reporting agencies that exist in the United States and listed on the Consumer Financial Protection Bureau's website.

13. In a consensually recorded telephone conversation on or about 12/12/2017 Plaintiff's Counsel spoke with Defendant's agent, representative or employee on the telephone. During such conversation such person admitted to Plaintiff's Counsel that Defendant never was going to report the account to any consumer reporting agency at all. In such conversation Defendant's agent representative or employee stated "we actually don't have the power to report this to the credit bureau," or words to that effect. Such agent, representative stated that Defendant did not have the power to do credit reporting.

14. Defendant violated 15 USC 1692e and / or 15 USC 1692f of the FDCPA by stating or implying that Defendant had the ability or intent to report the account to any consumer reporting agency when in fact Defendant did not have the power to report the account to a consumer reporting agency.

15. Defendant violated 15 USC 1692e and / or 15 USC 1692f of the FDCPA by stating or implying that Defendant had the ability or intent to report the account to "all national credit bureaus" when in fact Defendant did not have the power to report it to any consumer reporting agency at all.

16. Defendant also violated 15 USC 1692f of the FDCPA by engaging in unconscionable collection activity by making the above referenced statements in the letter that Defendant knew or should have known were false.

## DAMAGES

17. The previous paragraphs of this Complaint are incorporated by reference.

18. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, etc. to her attorney to stop the unlawful collection activity.

19. Plaintiff believes and avers that she is entitled to $1,000.00 statutory damages under the FDCPA 15 USC 1692k, or other amount determined by this Honorable Court.

20. Plaintiff incurred some costs involved in this case, including but not limited to Plaintiff's spouse's travel and mileage to see Plaintiff's lawyer to investigate the letters marked as an exhibit to this complaint, as well as postage and stationary related to this case.

## ATTORNEY FEES

21. The previous paragraphs of this Complaint are incorporated by reference.

22. Plaintiff is entitled to have Defendant pay her reasonable attorney fees for prosecuting this action.

23. It is believed and averred that the reasonable and fair market value of such attorney fees is no less than $350, or other amount determined by this Honorable Court.

24. Plaintiff demands attorney fees of $1,925.00 at a rate of $350.00 per hour which includes the following:

| | | |
|---|---|---|
| a. Initial client consultation 11/27/17 | | .5 hour |
| b. Consultation with client and conversation with Defendant on 12/5/17 | | .5 hour |
| c. Consultation with client and conversation with Defendant on 12/12/17 | | .5 hour |
| d. Drafting, editing, review and filing of Complaint and related documents | | 2 hours |
| e. Service | .5 | |
| f. Drafting, editing, review and service of discovery | | 2 |
| g. Follow up with Defense and client | | 2 hours |

  Total 8 hours x $350 = $2,800

25. The above referenced attorney fees include work performed up to the date of the filing of this Complaint and reasonable follow up.

26. Plaintiff's attorney fees continue to increase as the case progresses.

## OTHER RELIEF

27. The previous paragraphs of this Complaint are incorporated by reference.

28. Plaintiff specifically demands and requests a jury trial in this matter.

29. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

30. Plaintiff demands fees and costs for prosecuting this action.

31. Plaintiff reserves the right to bring this case as a class action case.

Wherefore, plaintiff demands judgment against defendant in the amount of $2,926.00 enumerated below, or such other amount as this Honorable Court may deem appropriate.

        $1.00 actual damages
        $1,000.00 under FDCPA, 15 USC 1692k et. seq.
        $2,800 attorney fees.
        _____
        $3,801

Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

/s/ Vicki Piontek                                     3/10/2018
_____    _____
Vicki Piontek., Esquire                              Date
Attorney for Plaintiff
PA Bar ID No. 83559
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

PO Box 15618
Dept. 940
Wilmington, DE 19850-5618
940.1084.TSIM

Transworld Systems Inc.
500 Virginia Dr. Suite 514
Ft Washington, PA 19034
888-899-6650

Calls to or from this company may be monitored or recorded for quality assurance.

Date: August 9, 2017
Our Account #: 4514
Creditor: CIGPF I CORP
Former Creditor: WASHINGTON MUTUAL BANK FKA PROVIDIAN NATIONAL BANK
Creditor's Account #: PPP1
Current Balance Due: $723.63

110182 - 10
ISABEL A BERMUDEZ
447 E AIRY ST
NORRISTOWN PA 19401-5124

Notice: See Reverse Side for Important Information.

Your account(s) was/were sold to the creditor(s) listed in this letter. Transworld Systems Inc. is the servicer of the account(s).

It is our intention to work with you to resolve the collection account(s).

However, if you fail to resolve the collection account(s), the account(s) may be reported to all national credit bureaus following the expiration of the validation period described below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm, Friday 8:00am to 5:00pm, Saturday 8:00am to 12:00pm (ET).

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
|---|---|
| 4514 | $723.63 |

ISABEL A BERMUDEZ

Payment Amount

$

Check here if your address has changed and print your new address in the space provided below.

Make Payment To:

Transworld Systems Inc.
P.O. Box 15095
Wilmington, DE 198505095

P1084
10


Exhibit A